IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHIRLEY,** | : | |
| | : | **Civil Action File No.:** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **OPTIMAL HEARING** | : | |
| **SYSTEMS, INC. d/b/a OPTIMAL** | : | **JURY TRIAL DEMANDED** |
| **HEARING,** | : | |
| | : | |
| **Defendant.** | | |

## COMPLAINT

COMES NOW Plaintiff Christopher Shirley ("Shirley" or "Plaintiff") and files this Complaint against Defendant Optimal Hearing Systems, Inc. d/b/a Optimal Hearing ("Optimal Hearing") on behalf of himself and others similarly situated for unpaid overtime, liquidated damages, attorneys' fees, reasonable expenses of litigation, and other authorized relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), as set forth below.

## INTRODUCTION

1.

Defendant Optimal Hearing violated the FLSA by requiring Plaintiff and the proposed FLSA Collective to work over forty (40) hours a week without overtime compensation calculated at one and one half times their hourly rate for all hours worked in excess of forty (40) hours during each work week.

## PARTIES

2.

Plaintiff and the proposed FLSA Collective are current and former employees of Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

3.

Shirley was employed by Optimal Hearing from 2014 until April of 2016, beginning as an unpaid apprentice and working his way up to a Hearing Aid Dispenser.

4.

Plaintiff brings this action on behalf of himself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

5.

Defendant is a domestic profit corporation registered in the State of Georgia. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

6.

Optimal Hearing and its related and subsidiary companies constitute an enterprise engaged in interstate commerce or the production of goods for commerce, and have annual business dollar volume well in excess of $500,000.

7.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This court also has personal jurisdiction over Optimal Hearing.

8.

Venue is proper in this Court because the events giving rise to this action occurred in this district and division.

9.

Optimal Hearing may be served with process through its registered agent Richard Pritt at 527 Stephenson Ave., A3, Chatham County, Savannah, Georgia 31405.

**RELEVANT FACTS**

10.

Optimal Hearing provides hearing tests and sells hearing aids directly to the public through point of sale transactions at its various store locations.

11.

Optimal Hearing operates 27 store locations throughout Georgia and South Carolina. Each Optimal Hearing location is assigned a Hearing Aid Dispenser.

12.

Shirley began work as a Hearing Aid Dispenser in 2014. Shirley's main duties as a Hearing Aid Dispenser, which are standard for and typical to the proposed FLSA Collective, included, but were not limited to, ordering hearing

aids, administering hearing exams, fitting hearing aids to patrons, checking inventory, and, primarily, selling hearing aids to store patrons.

13.

Shirley's duties as a Hearing Aid Dispenser also included basic marketing for the storefront, basic administrative duties, and setting appointments for patrons.

14.

Shirley was responsible for manning two Optimal Hearing store locations in Metropolitan Atlanta, Georgia.

15.

As with all Hearing Aid Dispensers, Shirley was the sole employee of the Optimal Hearing stores where he worked.

16.

As with all Hearing Aid Dispensers, Shirley was not responsible for supervising any other employees.

17.

As with all Hearing Aid Dispensers, Shirley did not possess the authority to hire or terminate employees.

18.

As with all Hearing Aid Dispensers, Shirley was not a learned professional whose employment required advanced knowledge.

19.

As with all Hearing Aid Dispensers, Shirley's primary duties were not the performance of office or non-manual work requiring the exercise of independent judgment and discretion with respect to matters of significance directly related to Optimal Hearing's management or general business operations.

20.

Throughout Shirley's employment with Optimal Hearing, Shirley and the proposed FLSA Collective he seeks to represent have been non-exempt employees who perform duties that entitle them to overtime compensation under the FLSA.

21.

Shirley's entire compensation was paid based on commission.

22.

Shirley was paid a 15% commission on hearing aid sales he made. Shirley received no other compensation and, in fact, worked as an unpaid "apprentice" for the first six months of his employment.

23.

Shirley regularly worked up to and often more than 60 hours per week.

24.

Shirley's regular rate of pay did not exceed one and one half times the applicable minimum wage for every hour worked during a given work week. Upon information and belief, the regular rates of pay for the proposed FLSA Collective did not exceed one and one half times the applicable minimum wage for every hour worked during a given work week.

25.

Shirley and the proposed FLSA Collective consistently worked overtime hours for each work week during their employment with Optimal Hearing.

26.

Optimal Hearing has never paid Shirley the required overtime premium compensation for any of the overtime hours he regularly worked.

27.

Optimal Hearing's pay practices described herein with respect to Shirley have been equally applied to all members of the proposed FLSA Collective. Optimal Hearing has not paid the required overtime compensation to any members

of the proposed FLSA Collective for any of the overtime hours they regularly worked.

## CLAIMS UNDER FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME COMPENSATION

28.

The above allegations in paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29.

Section 207 of the FLSA, 29 U.S.C. § 207(a)(1), requires that Optimal Hearing pay Shirley and those similarly situated to him an overtime premium equal to one and one-half times his regular hourly rate for every hour of work he performed in excess of 40 hours in a given work week.

30.

Optimal Hearing knows that it is obligated to pay an overtime premium to non-exempt employees.

31.

Defendant suffered and permitted Plaintiff and the members of the proposed FLSA Collective to work more than forty (40) hours in a work week without overtime compensation.

32.

Defendant was aware, or should have been aware, that Plaintiff and members of the proposed FLSA Collective performed non-exempt work that required payment of overtime compensation.

33.

Despite knowing that it was obligated to pay Shirley and the proposed FLSA Collective an overtime premium for the overtime hours worked, Optimal Hearing did not do so.

34.

Defendant's actions, policies, and practices as described throughout this Complaint violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

35.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.

36.

Optimal Hearing's actions in failing to pay for overtime hours worked was and is intentional, and in willful violation of the FLSA.

37.

Because Optimal Hearing's actions were intentional and willful, Shirley and the proposed FLSA Collective are entitled to back pay for all overtime hours worked for a period of three years prior to the filing of this Complaint. *See* 29 U.S.C. § 255.

38.

In addition to their overtime pay, Shirley and the proposed Collective are also entitled to liquidated damages in an amount equal to the unpaid overtime. *See* 29 U.S.C. § 216(b).

39.

Shirley and the proposed FLSA Collective are entitled to reasonable attorneys' fees and costs of bringing this action. *See* 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays for the following relief:

1) A trial by jury on all issues so triable;

2) A finding that Defendant willfully violated the FLSA so that a 3-year limitation period applies to this case;

3)      Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;;

4)      Judgment that Plaintiff and those similarly situated members of the proposed non-exempt employees entitled to protection under the FLSA;

5)      Judgment against Defendant for violation of the overtime provisions of the FLSA;

6)      Award to Plaintiff and to each member of the opt-in Collective payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one half times the normal rate, liquidated damages equaling 100% of overtime due each Collective  member, and prejudgment interests on all amounts owed, as required by the FLSA;

7)      An award of all attorneys' fees and costs incurred in bringing this action; and

8)      All other relief that this Court deems just and proper.

Respectfully submitted this 29th day of August, 2017.

[SIGNATURE LINE ON FOLLOWING PAGE]

PARKS, CHESIN & WALBERT, P.C.

*//s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
Sheila L. Bilimoria
Georgia Bar No. 781372
sbilimoria@pcwlawfirm.com
Attorneys for Plaintiff

75 14th Street, 26th Floor
Atlanta, Georgia 340309
(t) 404-873-8000
(f) 404-873-8050