# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER SHIRLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:17-CV-3278-SCJ |
| ) | |
| OPTIMAL HEARING SYSTEMS, INC., ) | |
| d/b/a OPTIMAL HEARING, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## JOINT MOTION TO APPROVE SETTLEMENT
## AND RELEASE AGREEMENT AND DISMISS COMPLAINT AND
## MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW Plaintiff and Defendant and respectfully submit this Joint Motion to Approve the Settlement and Release Agreement and Dismiss Claims and Memorandum of Law in Support Thereof.

The parties have reached an agreement with respect to Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and now respectfully request that, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Court approve the Settlement Agreement and General Release attached hereto as Exhibit "A" and dismiss with prejudice Plaintiff's Complaint.

In *Lynn's Food Stores*, the Eleventh Circuit Court of Appeals set forth two ways in which claims under the FLSA may be settled or compromised by employees. The first is through a payment of wages supervised by the Secretary of Labor. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The second is for a private suit to be filed and for the settlement to be reviewed and approved by the district court. *Id.* at 1353-54.

It is the second of these procedures that the parties are following in this case. Here, Plaintiff has asserted claims under the FLSA against Defendant Optimal Hearing Systems, Inc, d/b/a Optimal Hearing. Prior to the filing of the Complaint in this case, Plaintiff and Defendant were involved in litigation for over a year in the Superior Court of Fulton County, Georgia. The case caption is *Optimal Hearing Systems, Inc. v. Christopher Shirley,* Case No. 2016-CV-277560. The state court case centers on Plaintiff's employment contract with Defendant including non-compete provisions. Throughout the state court litigation, the parties exchanged information and conducted discovery regarding Shirley's employment with Defendants and subsequent employment. Defendant in this matter is seeking substantial damages in the state court litigation, including liquidated damages and attorney's fees available through provisions contained in Shirley's employment contract with Defendant.

While the state court case was pending, Shirley instituted the instant matter. The parties have exchanged written discovery in this matter. The parties have engaged in settlement discussions and attended two mediations. During the course of the case, the parties have evaluated the merits of both cases and decided to resolve the cases based upon their independent evaluations. The parties acknowledge and agree that there is a legitimate dispute between them regarding the merits of Plaintiff's claims in the instant case. However, due to the uncertainties of litigation and the benefit to all parties in avoiding the expense and time associated with protracted litigation, they have agreed to settle these claims as well as the state law claims pending in the state court litigation.

The particular disputes in this case include whether Mr. Shirley was exempt from the FLSA overtime requirements as a commissioned retail employee; whether he was an outside sales employee of the Defendant, whether he worked in excess of forty (40) hours in a given workweek; and whether Defendant will prevail on affirmative defenses including collateral estoppel as a result of the prior existing lawsuit in the state court.

A copy of the Settlement Agreement and General Release executed by the parties is attached hereto as Exhibit "A" for the Court's review and consideration. As set forth therein, Defendant has agreed to dismiss the pending state law suit in

exchange for Mr. Shirley dismissing the present suit. The parties placed a value to each of these cases of $10,000. Plaintiff further states that these amounts fairly and fully compensate him for all overtime and other wages allegedly owed to him by Defendant.

Defendant in this matter has further agreed to make a total payment of $20,000.00 to Plaintiff's FLSA counsel.  The parties agree to the amounts to be paid to Plaintiff's attorneys, and therefore, no judicial scrutiny of the attorney's fees is required. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action). Should judicial approval of the fee be required, Plaintiff's counsel would show that counsel's fee is appropriate based on the circumstances of this case. The parties agree that, under the circumstances of this case, Plaintiff's counsel's negotiated compromise fee is less than or commensurate with the amount of time and resources, multiplied by an appropriate rate, they have invested in this case drafting pleadings and other documents, performing factual investigations, negotiating this settlement, and other matters.

In exchange for these payments, Plaintiff and Defendant have agreed to a complete mutual release of any and all claims and to dismiss both of the Complaints with prejudice. All parties have been represented by counsel at all times during this litigation and the course of their settlement negotiations.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court grant this motion in its entirety and enter an order approving the Settlement Agreement and General Release executed by the parties and dismiss the Complaint with prejudice.

Respectfully submitted this 17th day of May, 2018.

| | |
|---|---|
| /s/Travis Foust | /s/Bricker Daughtry |
| M. Travis Foust | Bricker S. Daughtry |
| Georgia Bar No. 104996 | Georgia Bar No. 663833 |
| tfoust@pcwlawfirm.com | bsd@fbglaw.com |
| J. Daniel Cole | Adam B. Land |
| Georgia Bar No. 450675 | Georgia Bar No. 075641 |
| tfoust@pcwlawfirm.com | abl@fbglaw.com |
| | |
| PARKS, CHESIN & WALBERT, P.C. | FORTSON, BENTLEY AND GRIFFIN, P.A. |
| 75 14TH Street, 26th Floor | 2500 Daniell's Bridge Road |
| Atlanta, GA 30309 | Building 200, Suite 3A |
| Telephone: (404) 873-8000 | Athens, GA 30606 |
| Fax: (404) 873-8050 | Telephone: (706) 548-1151 |
| | Fax: (706) 559-0161 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |